CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 22 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| TODD M. JACK, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 5:09-CV-00046 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| WILLIAM L. STUBBLEFIELD, | ) By: Hon. Glen E. Conrad |
| | ) United States District Judge |
| Defendant. | ) |

Todd Jack, proceeding pro se, filed this civil action against William Stubblefield, commissioner of the County Commission of Berkeley County.[1] The court granted the plaintiff's contemporaneously filed motion to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915. After reviewing the complaint in this matter, however, the court concludes that the action must be dismissed for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### Background

The plaintiff's complaint recites a series of allegations, beginning with the allegation that on April 18, 2009, the Navy Federal Credit Union ("NFCU") authorized C&G Auto Body to remove the plaintiff's automobile, a 2005 Toyota Tacoma, from northern Virginia property. The plaintiff states that he had informed the recovery agents, the Berkeley County sheriff, and West

---

[1] Although the style of the complaint is against William Stubblefield, there are indications that the plaintiff's complaint is intended against Berkeley County. The complaint's statement of jurisdiction, for example, avers that this is an action "against a county government." (Comp. at 4).

Virginia state police that he was making timely payments as agreed with a NFCU representative. Despite this fact, plaintiff alleges that his vehicle was seized in a violent manner; that he was physically assaulted by the Berkeley County Sheriff Department; and that he was unlawfully arrested and jailed until April 19, 2009. According to the complaint, the Berkeley County Sheriff Deputies searched his vehicle and his home without a legal warrant, though it does not state when this occurred. The complaint also refers to an allegedly unlawful arrest and search of property that occurred in 2005, and also to a fair housing violation. Based on the foregoing allegations, the plaintiff seeks damages totaling $285,500.00.

### Standard of Review

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a mandatory duty to screen initial filings. Eriline Co. v. Johnson, 440 F.3d 648, 656-57 (4th Cir. 2006). Specifically, "a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim." Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006) (citing 28 U.S.C. § 1915(e)(2)(B)).

The standard of review for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) also applies to dismissal for failure to state a claim on which relief may be granted under § 1915(e)(2)(B)(ii). Newsome v. EEOC, 301 F.3d 227, 231 (5th Cir. 2002). Therefore, the court "should accept as true all well-pleaded allegations" and should construe those allegations in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). Even assuming the factual allegations in the complaint are true, they "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

## Discussion

In this case, the plaintiff's claim is that either Stubblefield, as county commissioner, or Berkeley County, through its agents, violated his civil rights. Specifically, the complaint states that the County Commission of Berkeley County violated 18 U.S.C. §§ 241 and 242, 18 U.S.C. § 1951[2], and 42 U.S.C. § 3631. None of these statutes, however, provides a basis for Jack's claims as presently described.

The plaintiff's complaint refers to 18 U.S.C. §§ 241 and 242, both of which are criminal provisions. Section 241 imposes criminal penalties of fines and imprisonment for conspiring to injure, oppress, threaten, or intimidate any person in the free exercise or enjoyment of any right or privilege. 18 U.S.C. § 241. Section 242 imposes criminal penalties of fines and imprisonment for the deprivation of rights or privileges under color of law. 18 U.S.C. § 242. Consequently, the authority to enforce these sections lies with government authorities and not private citizens. See Cok v. Cosentino, 876 F.2d 1, 3-4 (1st Cir. 1989); Larsen v. Larsen, 671 F. Supp. 718, 719 (D. Utah 1987). Stated differently, private citizens such as Jack have no private right of action under these statutes.

The Hobbs Act, codified at 18 U.S.C. § 1951, is also a criminal statute. It imposes criminal penalties of fines and imprisonment for obstructing, delaying, or affecting commerce by robbery or extortion. 18 U.S.C. § 1951(a). Again, the authority to enforce § 1951 lies with government authorities and not private citizens. See Wisdom v. First Midwest Bank, 167 F.3d

---

[2] Jack's complaint states that the "Defendant is accused of violating ... DCJ-2403 Hobbs Act." (Comp. at 1). The court takes this to mean that Jack alleges a violation of the Hobbs Act, codified at 18 U.S.C. § 1951.

3

402, 408-09 (8th Cir. 1999); John's Insulation, Inc. v. Siska Constr. Co., Inc., 774 F. Supp. 156, 163 (S.D.N.Y. 1991).

Lastly, Jack's complaint refers to 42 U.S.C. § 3631 in the Fair Housing Act ("FHA"). This section is criminal in nature, as it imposes criminal penalties of fines and imprisonment for the interference with any person's housing rights because of race, color, religion, sex, handicap, familial status or national origin. 42 U.S.C. § 3631(a). There is no private right of action for a violation of this section. See Batchelor v. Village of Evergreen Park, No. 03-C-5337, 2004 U.S. Dist. LEXIS 2868, at *3-4 (N.D. Ill. Feb. 25, 2004). The FHA does provide a private right of action in 42 U.S.C. § 3613 for discriminatory housing practices. The complaint's only mention of housing, however, is the statement that:

> "The Defendant attempts to deny the Plaintiff through intimidation and part-time housing on June 10-14, 2009. The Defendant is believed to have recorded a fraudulent deed for the Plaintiff's property to a Richard A. Pill, trustee. This act was conspired with Branch Banking and Trust Company. The Plaintiff holds no mortgage on the property of question or any property." (Comp. at 3).

There is no allegation that the intimidation was discriminatory in nature.

Given that private citizens such as Jack have no private right of action under these statutes, Jack has failed to state a claim upon which relief may be granted. This action must therefore be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

The court notes that, as stated in his complaint, Jack has notified the Federal Bureau of Investigation as to the specifics of his complaint. Jack may also wish to contact the United States Attorney's Office in the district in which he believes a federal law has been violated. Jack is further advised that, if he believes his rights have been injured, 42 U.S.C. § 1983 allows for civil

4

actions to redress the deprivation of constitutional and federal statutory rights by persons acting under color of law.

## Conclusion

For the foregoing reasons, the court concludes that this action must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. Such dismissal shall be without prejudice.

The Clerk is directed to send a certified copy of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 22nd day of June, 2009.

                                                  United States District Judge